**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| JOHN YOUMANS | CIVIL ACTION |
| VERSUS | |
| | 16-847-SDD-RLB |
| SHERIFF BEAUREGARD (BUD) TORRES III, ET AL | |

**RULING**

This matter is before the Court on the *Motion to Dismiss*[1] filed by Defendant, Sheriff Beauregard Torres III, ("Sheriff Torres" or "Defendant"). Plaintiff, John Youmans ("Youmans" or "Plaintiff"), has filed an *Opposition*[2] to this motion to which the Defendant filed a *Reply*.[3] For the following reasons, the Court finds that the Defendant's motion should be DENIED at this time.

**I.     FACTUAL BACKGROUND**[4]

In this action, Plaintiff asserts civil rights claims pursuant to 42 U.S.C. § 1983 and state law claims of negligence, *respondeat superior* liability, and intentional infliction of emotional distress against Pointe Coupee Parish Sheriff Torres and the Warden of Point Coupee Detention Center Captain Steve Juge ("Warden Juge") (or collectively "Defendants").[5] It is unclear whether Plaintiff asserts individual and/or official capacity

---

[1] Rec. Doc. 39.
[2] Rec. Doc. 40.
[3] Rec. Doc. 43.
[4] The facts are derived from Plaintiff's *Verified Complaint for Damages for False Imprisonment Held Past July 17, 2016 Request for Declaratory Judgment and Injunctive Relief* (Rec. Doc. 1) and the Parties' memoranda.
[5] Rec. Doc. 1.
44833

claims. As to Sheriff Torres, there are no allegations that he was the final policy maker, hence the Court analyzes the claims against Sheriff Torres as individual capacity claims.

Youmans alleges that he was arrested on February 25, 2016 in Iberville Parish where he remained in custody until April 28, 2016, when he was sentenced by Judge Engolio to one year imprisonment and remanded to the Department of Corrections ("DOC").[6] Thereafter, he was transferred to the Pointe Coupee Detention Center ("PCDC") to serve his sentence. Youmans further alleges that, according to Louisiana's ACT 110 Law[7] for nonviolent, non-aggravated charges, the amount of time he was to serve of the one year sentence was four months and twenty-two days.[8] As such, Youmans alleges that his sentence was completed on July 17, 2016.[9]

Plaintiff alleges that his family contacted Warden Juge on July 20, 2016 to advise that, according to the court minutes in Youmans' possession, he was being held past his release date.[10] Warden Juge allegedly reviewed the court minutes, contacted the DOC, and was advised that the DOC had nothing from Iberville Parish Court.[11] Subsequently, Warden Juge allegedly contacted the Iberville Parish Court and was advised that the information had been sent to the DOC through a "Mr. Johnson."[12] On a call back to the DOC, Warden Juge was allegedly advised that the person he needed to speak with to

---

[6] Rec. Doc. 1, p. 3.
[7] See La. R.S. 15:571.3.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.* at p. 4.
44833

address this matter was gone for the weekend.[13] As a result of these actions, Youmans alleges that he was wrongfully deprived of his liberty for more than fifty-two days.[14]

Sheriff Torres files the instant *Motion* seeking to dismiss Plaintiff's § 1983 claim against him in his individual capacity. Specifically, Sheriff Torres argues that Plaintiff has failed to state claim under § 1983 because Youmans (1) fails to plead specific conduct giving rise to a constitutional violation, and (2) fails to satisfy the heightened pleading requirement to overcome the defense of qualified immunity.[15]

## II. LAW AND ANALYSIS

### A. Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[16] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[17] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[18] In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation

---

[13] *Id.*
[14] *Id.* at p.5.
[15] Rec. Doc. 39-1, p. 3.
[16] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[17] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[18] *In re Katrina Canal Breaches Litigation*, at 205 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).
44833

of the elements of a cause of action will not do."[19] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[20] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[22] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[23] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[24]

### B. Individual Capacity Claims under § 1983

The Civil Rights Act of 1866, 42 U.S.C. § 1983, creates a private right of action for redressing the violation of federal law by those acting under color of state law.[25] It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured....[26]

---

[19] *Twombly*, 550 U.S. at 555 (internal citations and brackets omitted).
[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted).
[21] *Id.* at 678.
[22] *Id.*
[23] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[24] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[25] *See Migra v. Warren City School District Board of Educ.*, 465 U.S. 75, 82 (1984); *Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n*, 453 U.S. 1, 19 (1981).
[26] 42 U.S.C. § 1983.

44833

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'"[27]

To prevail on a Section 1983 claim, a plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States.[28] A Section 1983 complainant must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.[29]

It is well settled that government officials may not be held liable pursuant to § 1983 under any theory of strict liability[30] or vicarious liability[31] for federal civil rights violations allegedly committed by his subordinates. As such, "[p]laintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation.[32] "In other words, to state a claim for relief, '[a] plaintiff must establish that the defendant was either personally involved in the deprivation or that his wrongful actions

---

[27] *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, (1979)); *accord Graham v. Connor*, 490 U.S. 386, 393–94 (1989); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985); *Jackson v. City of Atlanta, TX*, 73 F.3d 60, 63 (5th Cir.), *cert. denied*, 519 U.S. 818 (1996); *Young v. City of Killeen*, 775 F.2d 1349, 1352 (5th Cir.1985).

[28] *See Blessing v. Freestone,* 520 U.S. 329, 340 (1997); *Daniels v. Williams,* 474 U.S. 327, 330 (1986); *Augustine v. Doe*, 740 F.2d 322, 324–25 (5th Cir.1984).

[29] *See Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995); *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir.), *cert. denied*, 498 U.S. 908 (1990); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir.1986); *Angel v. City of Fairfield*, 793 F.2d 737, 739 (5th Cir.1986).

[30] *Harris v. Greer*, 750 F.2d 617, 618 (7th Cir.1984) ("[T]here is no concept of supervisor strict liability under section 1983."); *see also Jenkins v. Wood,* 81 F.3d 988, 994 (10th Cir.1996); *Evans v. Gusman,* Civ. Action No. 08–703, 2008 WL 2223281, at *2 (E.D.La. May 23, 2008); *Castillo v. Blanco*, Civ. Action No. 07–215, 2007 WL 2264285, at *5 (E.D.La. Aug. 1, 2007).

[31] *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir.1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); *see also Oliver*, 276 F.3d at 742 ("Section 1983 does not create supervisory or respondeat superior liability."); *Evans*, 2008 WL 2223281, at *2.

[32] *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted).

were causally connected to the deprivation.'"[33] Therefore, "[p]ersonal involvement is an essential element of a civil rights cause of action."[34]

In the present case, Plaintiff has failed to allege any facts that would suggest Sheriff Torres had any personal involvement or participation in failing to timely release him. The only facts plead in reference to Sheriff Torres is that he is the keeper of the jail and cannot hold an inmate past his release date in the absence of a court order.[35] Therefore, the Court finds that Plaintiff has not plead sufficient facts to state a § 1983 against Sheriff Torres in his individual capacity.

### C. Qualified Immunity as to Sheriff Torres

Sheriff Torres has also asserted the defense of qualified immunity as to the individual capacity claims brought against him. "Whether a government official is entitled to qualified immunity 'generally turns on the "objective reasonableness of the action" assessed in light of the legal rules that were "clearly established" at the time it was taken.'"[36] A defendant "is entitled to qualified immunity unless he violated a constitutional right that was clearly established at the time of his conduct."[37] In considering a claim of qualified immunity, the court must make a two-step inquiry:

> First, the court must determine whether the plaintiff has alleged a violation of a clearly established constitutional right. If the plaintiff fails this step, the

---

[33] *Abbott v. Town of Livingston*, No. CV 16-00188-BAJ-EWD, 2018 WL 1095557, at *4 (M.D. La. Feb. 27, 2018)(quoting *James v. Texas Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008)).
[34] *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).
[35] Rec. Doc. 1, p. 4.
[36] *Johnston v. City of Houston*, 14 F.3d 1056, 1059 (5th Cir. 1994)(quoting *Texas Faculty Ass'n v. University of Tex. at Dallas*, 946 F.2d 379, 389 (5th Cir.1991) (quoting *Anderson v. Creighton*, 483 U.S. 635, 639 (1987))); *see Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Anderson*, 483 U.S. at 638*; Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Harlow*, 457 U.S. at 818; *Petta v. Rivera*, 143 F.3d 895, 899–900 (5th Cir.1998); *Tamez v. City of San Marcos, TX*, 118 F.3d 1085, 1095 n. 5 (5th Cir. 1997); *Dunn v. Denk*, 79 F.3d 401, 403 (5th Cir.1996).
[37] *Blackwell v. Barton*, 34 F.3d 298, 302–03 (5th Cir. 1993); *see Harper v. Harris County*, 21 F.3d 597, 600 (5th Cir.1994).
44833

defendant is entitled to qualified immunity. If [he] is successful, the issue becomes the objective legal reasonableness of the defendant's conduct under the circumstances.[38]

A legal right is clearly established if the contours of the right are sufficiently clear that reasonable officials would understand that what they were doing violates that right.[39]

When the defense of qualified immunity is raised in a Rule 12(b)(6) motion, "it is the defendant's conduct as alleged in the complaint that is scrutinized for 'objective legal reasonableness'."[40] The plaintiff must support his claim with "sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts."[41] When greater detail is required to address the defense of qualified immunity, the Court may insist that a plaintiff file a reply pursuant to Federal Rule of Civil Procedure 7(a) tailored to an answer pleading the defense of qualified immunity.[42] "The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts."[43]

Following the precedent set forth by the Fifth Circuit in *Schultea v. Wood*[44] and subsequent jurisprudence, the Court will allow the Plaintiff to amend his complaint in order to plead facts, if any, concerning Sheriff Torres' personal involvement and/or participation in the Plaintiff's incarceration and to address the qualified immunity defense and the

---

[38] *Baker v. Putnal*, 75 F.3d 190, 198 (5th Cir. 1996) (citations and internal quotations omitted); *see Nerren v. Livingston Police Dep't,* 86 F.3d 469, 473 (5th Cir.1996); *Harper*, 21 F.3d at 600; *Rankin v. Klevenhagen*, 5 F.3d 103, 105 (5th Cir.1993).
[39] *See Anderson*, 483 U.S. at 640; *Johnston*, 14 F.3d at 1059; *Bennett*, 883 F.2d at 408.
[40] *McClendon*, 305 F.3d at 323 (quoting *Behrens v. Pelletier*, 516 U.S. 299, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996)).
[41] *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir.1995) (*en banc*).
[42] *Id.* at 1433–34.
[43] *Id.*
[44] 47 F.3d 1427 (5th Cir. 1995).
44833

factual deficiencies discussed herein. Moreover, Courts should ordinarily grant a Plaintiff at least one opportunity to amend before dismissing a complaint with prejudice for failure to state a claim.[45]

## III. CONCLUSION

For the reasons set forth above, the *Motion to Dismiss*[46] by Defendant, Sheriff Beauregard Torres, III, is DENIED without prejudice. Plaintiff shall have 30 days from the date of this *Ruling* to file an Amended Complaint and to submit a Rule 7(a) response to the asserted defense of qualified immunity.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on March 27, 2018.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[45] *Hart v. Bayer Corp.,* 199 F.3d 239, 247 n.6 (5th Cir. 2000).
[46] Rec. Doc. 39.
44833