**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

JOHN YOUMANS

VERSUS

SHERIFF BEAUREGARD (BUD)
TORRES III, ET AL.

CIVIL ACTION

16-847-SDD-RLB

## RULING

Before the Court is a *Motion for Summary Judgment*[1] filed by Defendants Steve Juge ("Juge"), Warden at Point Coupee Parish Detention Center, and Sheriff Beauregard Torres, III, Sheriff of Point Coupee Parish ("Sheriff Torres," collectively, "Defendants"). Plaintiff John Youmans ("Youmans" or "Plaintiff") has filed an *Opposition*[2] to this motion, to which Defendants have filed a *Reply*.[3] For the following reasons, the Court finds that the Defendants' motion should be GRANTED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In this action, Plaintiff asserts civil rights claims pursuant to 42 U.S.C. § 1983 and state law claims of negligence, *respondeat superior* liability, and intentional infliction of emotional distress against Defendants. Youmans alleges that he was arrested on February 25, 2016 in Iberville Parish and remained in custody until April 28, 2016, when he was sentenced by Judge Engolio to one year imprisonment and remanded to the

---

[1] Rec. Doc. 53.
[2] Rec. Doc. 55.
[3] Rec. Doc. 60.

49593

Department of Corrections ("DOC").[4] Youmans was transferred to Pointe Coupee Detention Center ("PCDC") to serve his sentence.[5] Citing ACT 110 Law,[6] Youmans alleges his sentence should have been four months and twenty-two days and that he should have been released on July 17, 2016.[7] However, Youmans was released on September 13, 2016.[8]

Plaintiff alleges that his family contacted Warden Juge on July 20, 2016 to advise that, according to the court minutes in Youmans' possession, he was being held past his release date.[9] Warden Juge allegedly reviewed the court minutes, contacted the DOC, and was advised that the DOC had nothing from Iberville Parish Court.[10] Subsequently, Warden Juge allegedly contacted the Iberville Parish Court and was advised that the information had been sent to the DOC through a "Mr. Johnson." On a return call to the DOC, Juge was allegedly advised that the person he needed to speak with was gone for the weekend.[11] As a result of these actions, Youmans alleges that he was wrongfully deprived of his liberty for more than fifty-two days.[12]

Plaintiff brings claims against Defendants, in their individual capacity, under 42 U.S.C. § 1983 for the alleged false imprisonment in violation of Plaintiff's "4th, 5th and/or

---

[4] Rec. Doc. 1, p. 3.
[5] *Id.*
[6] *See* La. R.S. 15:571.3.
[7] Rec. Doc. 1, p. 3.
[8] Plaintiff's *Opposition* states "September 12." Rec. Doc. 55, pp. 4-5. However, Point Coupee Parish Sheriff's Office "Offender Receipt" documents his release as September 13. Rec. Doc. 61-2, p. 27.
[9] Rec. Doc. 1, p. 3.
[10] *Id.*
[11] *Id.* at 4.
[12] *Id.* at 5.

14th Amendment right."[13] In the alternative, Plaintiff brings a state law claim against Defendants for negligence pursuant to Louisiana Civil Code article 2315.[14]

Sheriff Torres initially filed a *Motion to Dismiss* pursuant to Federal Rules of Civil Procedure Rule 12(b)(5) for insufficient service of process.[15] Youmans filed a *Motion to Appoint United States Marshal as Agent for Service of Process*[16] and a *Motion to Extend Time for Service*.[17] The Court granted Youmans' motions and denied Defendants' motion to dismiss without prejudice.[18]

Thereafter, Youmans effected sufficient service on Defendants. Juge, individually, filed an *Answer*[19] to the *Complaint*,[20] and Sheriff Torres, individually, filed a *Motion to Dismiss* pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[21]

On March 27, 2018, this Court denied Sheriff Torres' *Motion to Dismiss*[22] without prejudice.[23] The Court's ruling allowed Youmans 30 days to amend his complaint to plead facts, if any, concerning Sheriff Torres' personal involvement and/or participation in the Plaintiff's incarceration and to submit a Rule 7(a) response to the asserted defense of

---

[13] Rec. Doc. 1, p. 4.
[14] Rec. Doc. 1, p. 7.
[15] Rec. Doc. 14.
[16] Rec. Doc. 16.
[17] Rec. Doc. 17.
[18] Rec. Doc. 30.
[19] Rec. Doc. 35.
[20] Rec. Doc. 1.
[21] Rec. Doc. 39.
[22] *Id.*
[23] Rec. Doc. 49.

qualified immunity. Youmans failed to file an amended complaint, and on May 11, 2018, Defendants filed the instant *Motion for Summary Judgment.*[24]

**A. Sheriff Torres'** ***Motion to Dismiss***[25]

Although the Court previously denied Sheriff Torres' *Motion to Dismiss,*[26] and he has filed a *Motion for Summary Judgment,*[27] the Court revisits his previously filed *Motion to Dismiss* because Plaintiff failed to comply with the Court's orders to cure the deficiencies.[28]

Youmans concedes that he failed to file an amended complaint and a Rule 7(a) response to the asserted defense of qualified immunity following this Court's *Ruling*[29] on March 27, 2018, denying Sheriff Torres' *Motion to Dismiss.* Plaintiff's *Opposition*,[30] filed May 22, 2018,[31] states that "John Youmans was unable to amend to allege any personal acts with the leave allowed by the Court."[32]

"When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense."[33] Plaintiff's admitted failure to satisfy his burden warrants dismissal of the individual capacity claims against Sheriff Torres with

---

[24] Rec. Doc. 53.
[25] Rec. Doc. 39.
[26] *Id.*
[27] Rec. Doc. 53.
[28] Rec. Doc. 49.
[29] *Id.*
[30] Rec. Doc. 55.
[31] Plaintiff never filed an amended complaint and Plaintiff's Opposition was filed over 50 days after the Court allowed Plaintiff 30 days to amend his complaint.
[32] Rec. Doc. 55, p. 1.
[33] *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) (citing *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc)).

prejudice. The Court need not reach Sheriff Torres' *Motion for Summary Judgment* on the Section 1983 claims, although it would likewise be granted on the same grounds.

### B. Defendants' *Motion for Summary Judgment*[34]

In the present *Motion for Summary Judgment*, Warden Juge seeks to dismiss the Section 1983 claims brought against him in his individual capacity based on qualified immunity. Further, Defendants jointly seek summary judgment on the remaining state law claims brought against them in their individual capacities. [35]

Youmans argues that Defendants violated his constitutional right to be free from false imprisonment. Youmans alleges that Warden Juge had an obligation to calculate Youmans' good time credit toward his DOC sentence.[36] Plaintiff supports his false imprisonment claim by alleging that Juge was knowingly keeping Youmans beyond his sentence.[37]

Juge asserts he is entitled to qualified immunity as to Youman's Section 1983 claim against him in his individual capacity because Youmans cannot establish that Juge violated a clearly established constitutional right, or that Juge's actions were objectively unreasonable to overcome the defense of qualified immunity. Juge argues, and Youmans appears to admit, that Juge did not have authority to release Youmans, a DOC inmate, or calculate his sentence.

---

[34] Rec. Doc. 53.
[35] In Plaintiff's *Opposition*, Plaintiff asserts, for the first time, "official capacity" claims. However, Plaintiff's complaint states Defendants herein are being "sued individually," and that the false imprisonment claim "lies against . . . Warden Juge, in his individual capacity." Rec. Doc. 55, p. 10. The Court's previous ruling found that Plaintiff had not plead official capacity claims against Sheriff Torres. Rec. Doc. 49. Similarly, the Court finds that Plaintiff has not plead an official capacity claim against Warden Juge.
[36] Rec. Doc. 55, p. 2.
[37] *Id.*

49593

As to the state law claims against Defendants herein, Defendants argue that Plaintiff has not carried his burden to establish that Defendants breached a duty, or that their conduct was a cause-in-fact or legal cause of Youmans' continued detention.

## II. LAW

### A. Motion for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[38] "An issue is material if its resolution could affect the outcome of the action."[39] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[40] "A party moving for summary judgment 'must "demonstrate the absence of a genuine issue of material fact," but need not negate the elements of the nonmovant's case.'"[41] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[42] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the

---

[38] Fed. R. Civ. P. 56(a).
[39] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[40] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008)(citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).
[41] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D.La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25).
[42] *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[43]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[44] The Court must resolve all reasonable factual inferences in favor of the nonmoving party.[45] However, "[t]he court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[46] "Conclusory allegations unsupported by specific facts, however, will not prevent an award of summary judgment; 'the plaintiff [can]not rest on his allegations . . . to get to a jury without 'any significant probative evidence tending to support the complaint.'"[47]

### B. Qualified Immunity

The qualified immunity defense shields "a government official from civil liability for damages based upon the performance of discretionary functions if the official's acts were objectively reasonable in light of then clearly established law."[48] "To determine whether a defendant is entitled to qualified immunity, this court engages in a two-pronged analysis, inquiring (1) whether the plaintiff has alleged a violation of a constitutional right and, if so,

---

[43] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(internal quotations and citations omitted)).
[44] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).
[45] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[46] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010)(citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).
[47] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249)(citation omitted)).
[48] *Atteberry v. Nocona General Hosp.,* 430 F.3d 245, 253 (5th Cir. 2005).

(2) whether the defendant's behavior was objectively reasonable under clearly established law at the time the conduct occurred."[49] "The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted."[50] "'Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments,' and 'protects all but the plainly incompetent or those who knowingly violate the law.'"[51]

"If the defendant's actions violated a clearly established constitutional right, the court then asks whether qualified immunity is still appropriate because the defendant's actions were 'objectively reasonable' in light of 'law which was clearly established at the time of the disputed action.'"[52] Officials "who reasonably but mistakenly commit a constitutional violation are entitled to immunity."[53]

"A qualified immunity defense alters the usual summary judgment burden of proof."[54] Once a defendant pleads the defense, the burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated

---

[49] *Hampton v. Oktibbeha County Sheriff Dept.,* 480 F.3d 358, 363 (5th Cir. 2007)(citing *Easter v. Powell*, 467 F.3d 459, 462 (5th Cir. 2006)).
[50] *Moore v. Boeker*, 12-CV-00051, 2014 WL 4662398, at *3 (M.D.La. Sept. 18, 2014)(citing *Saucier v. Katz*, 533 U.S. 194, at 202 (2001)).
[51] *Thompson v. Mercer*, 762 F.3d 433, 437 (5th Cir. 2014) (some internal quotation marks omitted) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011)).
[52] *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (citing *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999)).
[53] *Williams*, 180 F.3d at 703 (quoting *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 490 (5th Cir. 2001)).
[54] *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010)(citing *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005)).

clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct".[55]

## III.   ANALYSIS

### A. Section 1983 claims

Restated, Youmans must rebut the defense of qualified immunity "by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct."[56] Plaintiff alleges that Warden Juge "violat[ed] his federally protected constitutional right against false imprisonment . . ."[57] This suffices to allege the violation of a clearly established constitutional right to not be falsely imprisoned. This right was clearly established at the time Youmans was released.[58]

For the second prong, Youmans must show that the official's conduct was "objectively unreasonable in the light of that then clearly established law."[59] Youmans' *Opposition,*[60] addressing Juge's assertion of qualified immunity specifically, alleges that Juge "never bothered to consult" Youmans' file.[61] Youmans alleges that Juge met with him and called the DOC and several others inquiring about Youmans' sentence. Youmans filed an Administrative Remedy Procedure ("ARP") to Pointe Coupee Parish Detention Center, where he was being held, stating his sentence "was up on 17 July 2016," and he

---

[55] *Gates v. Texas Dept. of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008)(citing *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005)).
[56] *Id.*
[57] Rec. Doc. 55, p. 8.
[58] See *Whirl v. Kern*, 407 F.2d 781 (5th Cir. 1968); *Sanders v. Foti,* 281 F.3d 1279 (5th Cir. 2001).
[59]  *Hare v. City of Corinth*, 135 F.3d 320, 326 (5th Cir. 1998).
[60] Rec. Doc. 55.
[61] *Id.* at. 3.

49593

was "being held beyond [his] sentence."[62] Juge responded: "Anything to do with time calculation is for DOC. Please write DOC a ARP about this."[63] On September 4, 2016, Juge also emailed Angela Smith ("Smith"), a DOC employee, stating that he "think[s]" Youmans "may be over [his] time to be release [sic]," and requested a calculation of Youmans' sentence.[64] Youmans argues that, "Warden Juge was required by State Regulations to know and calculate John Youmans's release date."[65] However, the statute Youmans relies on, La. R.S. 15:571.3 (A)(2-3), provides in part: "The sheriff of the parish in which the conviction was had shall have the sole authority to determine when good time has been earned in accordance with the sheriff's regulations and the provisions of this Section." It is undisputed that Warden Juge is not a sheriff, and Youmans was convicted in Iberville Parish, not Pointe Coupee Parish.[66] Further, Youmans does not offer any summary judgment evidence that he was held beyond his sentence, except for his own affidavit.

Youmans cites *Whirl v. Kern*[67] as the "seminal case."[68] In *Whirl,* the plaintiff was arrested and indicted by a grand jury.[69] Approximately two months following the plaintiff's arrest, the indictments were dismissed.[70] The notice of dismissal was sent to the sheriff's

---

[62] Rec. Doc. 55-3, p. 4 (Administrative Remedy Procedure dated July 17, 2016).
[63] *Id.*
[64] Rec. Doc. 53-2, p. 4 (Email from Warden Juge to Angela Smith, Corrections Manager at DOC, dated September 4, 2016).
[65] Rec. Doc. 55, p. 9.
[66] Rec. Doc. 53-2, p. 25 (Conviction records of John Youmans).
[67] 407 F.2d 781 (5th Cir. 1968).
[68] Rec. Doc. 55, p. 8.
[69] *Supra.* at 785.
[70] *Id.*

49593

office, but the sheriff testified he was "not apprised of these proceedings."[71] As a result, the plaintiff was in jail for around nine months after his charges were dropped. The Fifth Circuit found that the jailer "had a duty to effect [the inmate's] timely release."[72] The Fifth Circuit determined that the sheriff's nine-month ignorance of the dismissal of plaintiff's charges was unreasonable.[73]

*Whirl*, however, is distinguishable from the present case. *Whirl* involved a sheriff's alleged ignorance of dismissed charges. In the present case, Warden Juge is not alleged to be a sheriff, or to have ignored any court order. In fact, even viewing the summary judgment evidence in the light most favorable to Youmans, the record demonstrates that Juge acted to expedite and investigate Youmans' sentence, and advised him to contact DOC about his sentence.[74]

Furthermore, in *Bryan v. Jones*, the Fifth Circuit observed that subsequent decisions "cast considerable doubt on the wisdom or continued vitality of [*Whirl*]."[75] In *Bryan*, the Sheriff received notices that the charges against Bryan had been dropped. The Sheriff did not release Bryan because of an error in their records made by the District Attorney's office.[76] The Fifth Circuit found for the Sheriff and held that, "if the errors take place outside of his realm of responsibility, he cannot be found liable because he has

---

[71] *Id.*
[72] *Id.* at 792.
[73] *Id.*
[74] Rec. Doc. 61-2, p. 41 (Pointe Coupee Parish ARP and response from Warden Juge).
[75] *Bryan v. Jones*, 530 F.2d 1210, 1213 (5th Cir. 1976).
[76] *Id.* at 212.

49593

acted reasonably and in good faith."[77] Here, Youmans admits that he "is a DOC inmate and cannot be released from DOC until they calculate [his] time."[78]

In support of his assertion of qualified immunity, Juge cites *Grant v. Gusman*,[79] a recent Eastern District of Louisiana case involving similar facts. In *Grant*, the plaintiff alleged he was unlawfully detained for 27 days at the Orleans Parish Prison (OPSO) and the Madison Parish Correctional Center by DOC after being sentenced to time served.[80] The defendants in that case filed a motion to dismiss for failure to state a claim. The court considered, and accepted as true, the allegations that the defendants were "aware that Plaintiff had been sentenced to one year in the custody of the DOC, but that Plaintiff would not have to serve any time once the DOC processed Plaintiff's release."[81] One of the OPSO defendants sent paperwork to DOC to expedite plaintiff's release.[82] The DOC then sent a delayed transfer request to OPSO. The court found that any delay in the plaintiff's release was caused by the DOC, not the defendants.[83] Granting the defendants' motion to dismiss, the court found that plaintiff had not plead any facts to show the defendants acted unreasonably in light of any clearly established law and could not overcome the defendants' qualified immunity defense.

Like *Grant*, Defendant in the present case took steps to correct any possible issues with Youmans' sentence. It is undisputed that Juge contacted DOC regarding Plaintiff's

---

[77] *Id.* at 1215.
[78] Rec. Doc. 55-7, p. 4.
[79] 2018 WL 1532960 (E.D. la. 3/29/2018).
[80] *Id.* at 1.
[81] *Id.* at 13.
[82] *Id.*
[83] *Id.*

49593

sentence.[84] Plaintiff alleges that Juge was told that Youmans "was not in the DOC system," and advised Juge to call Iberville Parish Court.[85] Juge called Iberville Parish Court and was told to call a "Mr. Johnson."[86] Juge then tried to call "Mr. Johnson," but was told he did not work at DOC. Juge called Iberville Parish Court again and was told the person he needed to speak with was "gone for the weekend."[87] Following Juge's email to Angela Smith at the DOC on September 4, 2016, the Point Coupee Detention Center received a Diminution of Sentence for Youmans, and a memorandum from Kelly Liebert from the Department of Corrections on September 12, 2016, for the immediate release of Youmans.[88] Youmans was released the next day,[89] well short of his one-year sentence.

The affidavit of Angela Smith, the Corrections Adult Reception and Diagnostic Center Manager of the DOC, states, "[t]he Warden of the jail where the offender is serving his Department of Corrections sentence does not calculate time or determine release date."[90] At the summary judgment stage, Youmans has not offered any evidence to controvert Angela Smith's testimony or establish that Juge's actions were objectively unreasonable. Youmans candidly states that if the Warden "has some sort of arrangement with the DOC to prepare calculation, he may have a right to indemnification."[91] Considering Youmans admits he could "not be released from DOC

---

[84] Rec. Doc. 1, pp. 4-5.
[85] *Id.* at 3-4.
[86] *Id.* at 4.
[87] *Id.*
[88] Rec. Doc. 61-2, pp. 25, 26; Notably, the DOC's memorandum notates "Offender has detainers with Assumption, Terrebonne, and Ascension Parish."
[89] *Id.* at 27.
[90] Rec. Doc. 53-3, p. 2 (Affidavit of Angela Smith, DOC employee).
[91] Rec. Doc. 55, pp. 6-7.

49593

until they calculate my time,"[92] the Court finds that Juge's actions were objectively reasonable in not releasing Plaintiff without authority from the DOC.

The Court finds that Juge's actions were objectively reasonable in light of a clearly established constitutional right. Regardless of Juge's ability to calculate Youmans' time, the evidence demonstrates, and Youmans admits, that Juge did not have authority to release Youmans until receipt of a diminution of sentence from the DOC.[93] Accordingly, Juge is entitled to qualified immunity[94] and his *Motion for Summary Judgment*[95] is granted.

### B. State Law Claims

In opposition to Defendant's *Motion for Summary Judgment* on state law claims, Plaintiff simply states: "The statutes cited above establish legal duties that when breached trigger liability under a negligence theory of knew or should have known."[96] Plaintiff offers no summary judgment evidence, argument, or jurisprudence to defeat summary judgment, and this conclusory sentence is woefully insufficient to defeat a properly supported motion for summary judgment. Accordingly, Defendants' *Motion for Summary Judgment*[97] is granted as to the state law claims.

---

[92] Rec. Doc. 55-7, p. 4 (Affidavit of Plaintiff, John Youmans).
[93] *Id.*
[94] Plaintiff was given 30 days to amend his complaint and allege facts tailored to Sherriff Torres's defense of qualified immunity raised in his *Motion to Dismiss*. Considering that Plaintiff failed to follow the Court's order requiring a Rule 7(a) amendment, the circumstances of this case indicate Plaintiff has pleaded its "best case." (see *Morin v. Caire,* 77 F.3d 116 (5th Cir. 1996) (citing *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995)). Although the Court did not require Plaintiff to file a tailored reply to Juge's answer asserting the defense, Plaintiff's response to Defendants' summary judgment addresses Juge's defense of qualified immunity sufficiently to satisfy the requirements of *Schultea*. (see *Lippert v. Cavaretta*, 1996 WL 159062 (E.D. La. 1996)).
[95] Rec. Doc. 53.
[96] Rec. Doc. 55, p. 10.
[97] Rec. Doc. 53.

49593

### C. Injunctive and Declaratory Relief

Plaintiff "seeks a declaration, as a matter of law, that his release date was July 17, 2016," and "requests mandatory injunctive relief as is authorized by FRCP Rule 65 in the form of an order from this Court directed to Defendants that he be released immediately from confinement."[98] It is undisputed that Plaintiff has been released from Defendants' custody.[99]

Accordingly, Plaintiff's request for declaratory and injunctive relief is dismissed as moot.

## IV. CONCLUSION

For the reasons set forth above, Defendants' *Motion for Summary Judgment*[100] is GRANTED.

*Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>January 22, 2019</u>.

*[signature: Shelly D. Dick]*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[98] Rec. Doc. 1, p. 6.
[99] Rec. Doc. 61-2, p. 27 (Document transferring Youmans to Assumption parish on September 13, 2016); Rec. Doc. 61-2, p. 26 (Memo asking for immediate release of Youmans dated September 12, 2016); Rec. Doc. 61-2, p. 24 (Diminution of sentence for Youmans dated September 12, 2016); Rec. Doc. 55, pp. 4-5 (Plaintiff's Opposition to Summary Judgment, "On September 12, 2016, John Youmans was finally released from the Pointe Coupee Parish Jail); Rec. Doc. 52-2 (Affidavit of Warden Juge, "Youmans was released to the custody of Assumption Parish on September 13, 2016 . . .).
[100] Rec. Doc. 53.

49593